IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**In re Subpoena to:**

**BAPTIST CONVENTION OF**
**MARYLAND/DELAWARE INC.**

**and**  CAUSE NO. 1:23-MC-2-DAS

**BILL WARREN**

## ORDER DENYING MOTION TO QUASH

Baptist Convention of Maryland/Delaware, Inc. ("BCMD") has filed a motion to quash subpoenas issued by The North American Mission Board of the Southern Baptist Convention, Inc. ("NAMB"). Docket 1. The subpoenas were issued in *Will McRaney v. The North American Mission Board of the Southern Baptist Convention, Inc*., Case No. 1:17-CV-00080-GHD-DAS (N.D. Miss.), a lawsuit pending in this court. BCMD originally filed the instant motion in the United States District Court for the District of Columbia, the court for the district where compliance with the subpoenas was required, and later filed a motion to transfer the motion to quash to this court. Docket 1, 2. The United States District Court for the District of Columbia entered an order transferring the motion to quash to this court. Docket 8. The motion has been fully briefed and is ripe for this court's review.

NAMB served two Rule 45 subpoenas on BCMD, seeking information to bolster its defense to McRaney's lawsuit: 1) a subpoena *duces tecum* seeking the production of certain documents related to McRaney's employment and the circumstances of his separation from BCMD; and 2) a subpoena for a deposition Bill Warren, former BCMD board member. Docket 1-2, 1-3. BCMD claims the discovery sought is directly related to BCMD's internal decisions concerning McRaney's employment as well as organizational matters that were guided

by religious and ecclesiastical considerations. It has therefore moved to quash the subpoenas based on the First Amendment ministerial exception and ecclesiastical abstention doctrines.

This is not the first motion to quash BCMD has filed in this court. *See Third-Party Respondent Baptist Convention of Maryland/Delaware, Inc's Motion to Quash Subpoena Duces Tecum* [Docket 37], Case No. 1:17-CV-00080-GHD-DAS (October 5, 2018, N.D. Miss.). NAMB previously issued an identical subpoena *duces tecum* to BCMD in the related case. *See Notice of Intent to Serve Subpoena Duces Tecum* [Docket 30], Case No. 1:17-CV-00080-GHD-DAS (September 11, 2018, N.D. Miss.). This court granted BCMD's motion to quash on the basis that the subpoena sought information protected by the ministerial exception. *Order* [Docket 50], Case No. 1:17-CV-00080-GHD-DAS (November 7, 2018, N.D. Miss.). The Order further found the subpoena "r[an] afoul of the 'ecclesiastical abstention' doctrine" as compliance would "subject BCMD to review of 'internal policies, internal procedures, or internal decisions of the church,' which the doctrine forbids." *Id*. (citation omitted).

However, this court later vacated the Order quashing NAMB's subpoena *duces tecum* in light of the Fifth Circuit's reasoning in reversing this court's earlier dismissal of McRaney's claims on First Amendment grounds. *See Order Granting in Part and Denying in Part NAMB's Motion to Reconsider and Vacate the Court's Order Granting BCMD's Motion to Quash Subpoena Duces Tecum* [Docket 147], Case No. 1:17-CV-00080-GHD-DAS (October 25, 2022, N.D. Miss.). That Order explains:

> The Fifth Circuit identified the legal and factual issues the court will need to determine in order to resolve McRaney's claims, including
>
>> (1) whether NAMB intentionally and maliciously damaged McRaney's business relationships by falsely claiming that he refused to meet with Ezell, […] (2) whether NAMB's statements about McRaney were false, defamatory, and at least negligently made, […]; and (3) whether NAMB intentionally caused McRaney

> to suffer foreseeable and severe emotional distress by displaying his picture at its headquarters […].
>
> *McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.*, 966 F.3d 346, 349 (5th Cir. 2020), *cert. denied,* 210 L. Ed. 2d 961, 141 S. Ct. 2852 (2021). The Fifth Circuit held it did not "appear *certain* that resolution of McRaney's claims [would] require the court to address purely ecclesiastical questions," and therefore, this court's dismissal was premature. *Id*. at 348 (emphasis supplied).

*Id*. Following the Fifth Circuit's reasoning, this court similarly concluded that its decision to quash NAMB's first subpoena *duces tecum* to BCMD was premature and applied the Fifth Circuit's reasoning regarding McRaney's claims against NAMB to NAMB's ability to factually develop its defenses by obtaining discovery from BCMD: "[i]f further proceedings and *factual development* reveal that McRaney's claims [*and NAMB's defenses*] cannot be resolved without deciding purely ecclesiastical questions, the court is free to reconsider whether it is appropriate to dismiss some or all of McRaney's claims." *Id*. (quoting *McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.*, 966 F.3d 346, 350 (5th Cir. 2020), *cert. denied,* 210 L. Ed. 2d 961, 141 S. Ct. 2852 (2021)).

Accordingly, NAMB served a subpoena *duces tecum* on BCMD as well as a deposition subpoena to which BCMD again objects on the basis of its First Amendment protections under the ministerial exception and ecclesiastical abstention doctrines. The objections are not well-taken, and the court finds the motion should be **DENIED.**

To a large extent, this court is constrained by the Fifth Circuit's finding that "it is not clear that [resolving McRaney's claims] will require the court to address purely ecclesiastical questions." *McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.,* 966 F.3d at 349. The Fifth Circuit specifically found McRaney was "not challenging the termination of his employment […] or asking the court to weigh in on issues of faith and doctrine." *Id*. Rather, it

stated McRaney's "complaint asks the court to apply neutral principles of tort law to a case that, on the face of the complaint, involves a civil rather than religious dispute." *Id*.

With respect to McRaney's Complaint, there are no issues to resolve against BCMD. As NAMB notes, BCMD "has not been sued for employment discrimination, and it has not been called to defend itself against claims that would allow a court to interfere with its doctrinal beliefs." Docket 4 at 7. In deciding whether to quash NAMB's subpoenas, this court is *not* "rendering a determination on matters that constitute purely ecclesiastical matters, such as a religious institution's decision regarding it employment of ministers and other internal organizational matters" – as BMCD contends it is precluded from doing.

In light of the Fifth Circuit's findings regarding the nature of McRaney's claims, it would be illogical to sustain BCMD's objections and effectively preclude NAMB from factually developing any defenses it may have against McRaney's claims when the Fifth Circuit declined to extend the very same protections BCMD is claiming against NAMB. As BCMD does here, NAMB also argued to the Fifth Circuit that it may have "valid religious reason[s]" for its actions to which the Court of Appeals reasoned that *if* NAMB presented evidence of these valid religious reasons *and* the district court determined it could not resolve McRaney's claims without addressing those valid religious reasons, *then* there may be cause to dismiss McRaney's claims. *McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.,* 966 F.3d at 351. Should such evidence exist, NAMB has no chance of presenting "valid religious reason[s]" for its actions without first obtaining discovery from BCMD.

In denying the motion to quash, this court is not "injecting itself into BCMD's decision regarding McRaney's employment" as BCMD suggests. Docket 5 at 10. Rather, it is merely allowing NAMB to develop its defenses to the plaintiff's claims. If NAMB's defenses satisfy

this court that "valid religious reasons" motivated BCMD's employment decision, "the court is [then] free to reconsider whether it is appropriate to dismiss some or all of McRaney's claims" as the Fifth Circuit instructed. *McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.*, 966 F.3d at 350-51.

    **SO ORDERED**, this the 10th day of March, 2023.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE